### JANE DOE *v.* HARTFORD ROMAN CATHOLIC DIOCESAN CORPORATION ET AL.

O'Connell, C. J., and Foti, Lavery, Landau and Hennessy, Js.

Argued September 10—officially released December 15, 1998

*William F. Gallagher*, with whom was *Cynthia C. Bott*, in support of the petition.

*John W. Sitarz*, with whom was *Christopher L. Jefford*, in opposition.

*John H. Grasso*, in opposition.

*Opinion*

O'CONNELL, C. J. Before the court at this time is the plaintiff's petition for expedited review of the trial court's order granting motions sealing part of the file and for protective orders in the underlying case. See General Statutes (Rev. to 1997) § 51-164x, as amended by Public Acts 1997, No. 97-178,[1] and Practice Book § 11-20 (d).[2]

---

[1] General Statutes (Rev. to 1997) § 51-164x, as amended by Public Acts 1997, No. 97-178, provides in relevant part: "(c) Any person affected by a court order that seals or limits the disclosure of any files, affidavits, documents or other material on file with the court or filed in connection with a court proceeding . . . shall have the right to the review of such order by the filing of a petition for review with the Appellate Court within seventy-two hours from the issuance of such court order."

[2] Practice Book § 11-20 (d) provides in relevant part: "[A]ny person affected by an order of a judicial authority issued pursuant to subsection (b) which concerns the public's right to access any portion of a proceeding shall have the right to appeal the order within seventy-two hours of its issuance by filing a petition for review with the appellate court pursuant to the appellate court rules."

The plaintiff, an adult female, alleges that when she was a minor she was abused by the defendant Peter Ziska. In addition to Ziska, the Hartford Roman Catholic Diocese, the Church of the Holy Spirit and John T. O'Connor, who trained and supervised Ziska, are also named as defendants.

The plaintiff alleges that Ziska negligently or intentionally inflicted emotional distress on her, recklessly sexually abused her, breached a fiduciary duty and committed clergy malpractice. She alleges that the remaining defendants are responsible for her injuries on theories of negligent supervision and respondeat superior.[3]

During discovery, the plaintiff served notice of the taking of a deposition of O'Connor, Ziska's former supervisor. The defendants filed a motion for a protective order pursuant to Practice Book § 13-5,[4] seeking an order prohibiting disclosure to the media or the public of information that the plaintiff might obtain through discovery.

---

[3] The trial court granted a motion to strike part of the complaint relating to respondeat superior. *Doe* v. *Hartford Roman Catholic Diocesan Corp.*, 45 Conn. Sup. 388, 390–95, 716 A.2d 960 (1998).

[4] Practice Book § 13-5 provides: "Upon motion by a party from whom discovery is sought, and for good cause shown, the judicial authority may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the judicial authority; (6) that a deposition after being sealed be opened only by order of the judicial authority; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the judicial authority."

Following argument, the trial court entered the following order: "The motions for protective order are granted, except as to the complaint and responsive pleadings. The complaint [and] the responsive pleadings are not sealed. The remainder of the information, counsel are ordered not to disseminate and distribute or comment upon in public. If there is some specific reason that counsel need to make a disclosure, a motion can be filed so that can be obtained." The court also prohibited the plaintiff or her counsel from disclosing any information obtained in discovery to other similarly situated plaintiffs in other actions and limited disclosure of such information to witnesses in the underlying action unless the witnesses also agreed not to disclose the information to others. That order combines aspects of a sealing order pursuant to Practice Book § 11-20 (b)[5] and a protective order pursuant to Practice Book § 13-5. The two aspects will be examined separately starting with the sealing orders.

I

Practice Book § 11-20 (b) permits a trial court to order that files, affidavits, documents or other materials on file with the court be sealed or their disclosure limited if the court concludes that such order is *"necessary to preserve an interest which is determined to override the public's interest in attending such proceeding or in viewing such materials.* Any such order

---

[5] Practice Book § 11-20 (b) provides: "Upon motion of any party, or upon its own motion, the judicial authority may order that the public be excluded from any portion of a proceeding and may order that files, affidavits, documents or other materials on file with the court or filed in connection with a court proceeding be sealed or their disclosure limited if the judicial authority concludes that such order is necessary to preserve an interest which is determined to override the public's interest in attending such proceeding or in viewing such materials. Any such order shall be no broader than necessary to protect such overriding interest."

shall be no broader *than necessary to protect such overriding interest.*"[6] (Emphasis added.)

Expedited review of such orders is provided by General Statutes (Rev. to 1997) § 51-164x (c), as amended by Public Acts 1997, No. 97-178, and Practice Book § 11-20 (d), which permit any person affected by a court order that seals or limits the disclosure of any material on file to petition this court for review within seventy-two hours of the entry of the order. Practice Book § 11-20 (c) mandates that the trial court articulate on the record in open court the overriding interest being protected and specify the findings underlying such order. To make findings, it is necessary that the court conduct an evidentiary hearing; *State* v. *Manfredi*, 4 Conn. App. 247, 493 A.2d 242 (1985); or that a stipulation of facts be filed with the court. Because there was neither an evidentiary hearing nor a stipulation in the present case, the trial court had no basis on which it could make the necessary findings. Thus, the trial court did not make the requisite findings. Furthermore, the court did not articulate on the record in open court the overriding interest being protected.

Because the trial court failed to comply with Practice Book § 11-20 (c), we vacate that portion of the order purported to seal the trial court file except for the complaint and responsive pleadings.

## II

Insofar as the trial court's order purports to limit the plaintiff's exchange of information with similarly

---

[6] Practice Book § 11-20 (c) provides in relevant part: "In connection with any order issued pursuant to subsection (b) of this section, the judicial authority shall, on the record in open court, articulate the overriding interest being protected and shall specify its findings underlying such order. The time and date of any such order shall be entered by the court clerk in the court file together with such order. . . ."

situated plaintiffs in other cases or to bar public comment, it constitutes a protective order issued under the authority of Practice Book § 13-5.[7] General Statutes (Rev. to 1997) § 51-164x, as amended by Public Acts 1997, No. 97-178, and Practice Book § 11-20 (d), do not provide expedited review of a protective order issued pursuant to Practice Book § 13-5. Thus, we lack jurisdiction to consider it.

That part of the trial court's order sealing a portion of the trial court file is vacated, and the remainder of the petition for expedited review of the protective order is dismissed for lack of jurisdiction.

In this opinion the other judges concurred.